# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**SANDRA CATHERINE VASQUEZ,**

    **Plaintiff,**

    vs.                                                                           Civ. No. 14-903 KK

**NANCY A. BERRYHILL, Acting Commissioner
of the SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

## ORDER DENYING MOTION FOR AN ORDER AUTHORIZING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** comes before the Court on the Martone Law Firm, P.A.'s Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum ("Motion"), filed August 27, 2018. (Doc. 32.) No response was filed,[1] although the Motion indicated that the Commissioner declined to concur in or oppose the Motion because the Commissioner is not the real party in interest regarding the 42 U.S.C. § 406(b) fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, [she] plays a part in the fee determination

---

[1] Rule 7.1(b) of the Local Rules of Civil Procedure for the United States District Court District of New Mexico states in pertinent part:

    (b)    . . . The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.

D.N.M.LR-Civ. 7.1(b).

    Rule 7.4(a) of the Local Rules of Civil Procedure for the United States District Court District of New Mexico states in pertinent part:

    (a)    Timing. A response must be served and filed within fourteen (14) calendar days after service of the motion. . . .

D.N.M.LR-Civ. 7.4(a).

resembling that of a trustee for the claimants"). The Court considered the Motion and concluded that it required supplemental briefing to address the Court's concerns regarding the timeliness of Plaintiff's counsel's § 406(b) motion. The Court entered an Order for Supplemental Briefing on September 18, 2018, and gave the parties until September 21, 2018, to do so. (Doc. 33.) Defendant submitted supplemental briefing on September 21, 2018. (Doc. 34.) Plaintiff's counsel did not respond.

## BACKGROUND

On July 22, 2015, Sandra Catherin Vasquez instituted an action in this Court seeking judicial review of her denied claim for disability benefits. (Doc. 1.) After filing her Motion to Remand (Doc. 21), but before the Commissioner filed its Response, the Commissioner moved to remand for further proceedings (Doc. 27), which the Court granted (Doc. 28). The parties subsequently filed a stipulated motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), and Ms. Vasquez was awarded $1,579.20 in attorney fees. (Doc. 30.)

On remand, the ALJ issued a fully favorable decision dated December 21, 2016, finding that Ms. Vazquez has been disabled since March 5, 2011. (Doc. 32-1 at 15.) A document titled "Important Information," dated July 22, 2017, explained to Ms. Vasquez that the SSA had withheld $14,203.75 to pay her legal expenses. (Doc. 32-2 at 1.) The document also indicated that the Administration already approved and paid Ms. Vasquez's legal representative $10,000 for the work done on her claim, and was withholding the balance of $4,203.75. (*Id.*) The Martone Law Firm, having entered into a contingency fee contract with Ms. Vasquez for legal services in the United States District Court, now seeks an order authorizing fees pursuant to 42 U.S.C. § 406(b) in the amount of $4,203.75 for the work they performed on Ms. Vasquez's behalf before this Court (*Id.*)

2

## **LEGAL STANDARD**

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. See 42 U.S.C. § 406(a), (b).

For representation before the SSA, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a determination favorable to the claimant . . . ." 42 U.S.C. § 406(a). There is no express limit to the fees an attorney may seek and receive in a petition; the Commissioner must only "fix . . . a reasonable fee," *id.*, while considering several factors. *See* 20 C.F.R. § 404.1725(b) (2015) (outlining the factors); *see also Gisbrecht*, 535 U.S. at 794 (explaining the fee petition process). For fees received pursuant to a fee agreement for work before the SSA, attorneys may currently receive a maximum award of the lesser of $6,000 or 25% of the past-due benefits. 42 U.S.C. § 406(a)(2)(A).[2]

For representation in court, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(a)(1)(A). Separate awards of attorney fees for representation before the SSA and in court – for example, fees pursuant to the EAJA and § 406(b) – are not limited to an aggregate of 25% of past-due benefits. *Wrenn v.*

---

[2] Although the statute initially set a maximum amount of $4,000, it also gives the Commissioner the authority to increase this amount. 42 U.S.C. § 406(a)(2)(A). Effective June 22, 2009, the Commissioner increased the maximum amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009.)

*Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 N.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id*. at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

**REASONBLENESS DETERMINATION**

A motion for award of fees under § 406(b)(1) should be filed within a "reasonable time" of the Commissioner's decision awarding benefits. *Id.* The ALJ's favorable decision in this matter was issued on December 21, 2016. (Doc. 32-1.) The "Important Information" document, dated July 22, 2017, attached to the Motion provides an explanation related to the Administration's payment of Ms. Vasquez's legal expenses. (Doc. 32-2.) Counsel represented in its Motion, without more, that it "has not received a notice stating the total back benefits awarded as a result of the favorable ALJ decision." (Doc. 32 at 2.) The Motion was filed on August 27, 2018, *one year and eight months* after counsel received notice of the ALJ's favorable decision (Doc. 32-1), or *thirteen months* after their receipt of the "Important Information" document. (Doc. 32-2.) The question, therefore, before the Court is whether the Motion was filed within a reasonable time. *See Early v. Astrue*, 295 F. App'x 916 (10th Cir. 2008) (finding that the district court did not abuse its discretion in finding 406(b) motion untimely where it was filed more than fifteen months after the ALJ had issued a favorable decision on remand); *see also Walker v. Astrue*, 595 F.3d 274, 280 (3rd Cir. 2010) (finding that the application of the filing deadline for attorney fees is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award).

The Court finds that the Motion is untimely. In making its decision, the Court attempts to strike a balance between the interests of Plaintiff's counsel and the Plaintiff. *Garland v. Astrue*, 492 F.Supp.2d 216, 223 (E.D.N.Y. 2007); *see also Schmidt v. Colvin*, 2014 WL 2207973, *2 (D. Kan. May 28, 2014) (explaining that the court considers the effect of the delay on the plaintiff). "[S]ocial security plaintiff's attorneys make a vital contribution to advancing the interests of a vulnerable group by assisting their clients to effectively advocate their entitlement

5

to benefits." *Garland*, 492 F.Supp.2d at 223.  By passing 406(b), Congress intended to promote the access of social security claimants to competent representation by making it easier for attorneys to collect fees.  *Gisbrecht*, 535 U.S. at 805-06.  However, Congress in so doing also sought to protect claimants from excessive fees.  *Id.*  "Requiring attorneys to file under 406(b) in a reasonably timely fashion serves these interests by providing a flexible mechanism to enable attorneys to file fee applications while seeking to ensure that money rightfully due the claimant is not needlessly withheld for an excessive amount of time."  *Garland,* 492 F.Supp.2d at 223.  Here, Plaintiff's counsel failed to provide any reasonable explanation for the delay in filing the § 406(b) motion and failed to respond to the Court's Order for Supplemental Briefing.  Under the circumstances of this case, therefore, the Court finds that Plaintiff's counsel's § 406(b) motion is untimely.

**IT IS THEREFORE ORDERED** that the Motion for An Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b), With Supporting Memorandum (Doc. 32), is **DENIED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge,**
**Presiding by Consent**